| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| RONALD E. NEWTON, § | |
| § | |
| Plaintiff, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:13-CV-510 |
| § | |
| LATASHA JOSEPH, *et al.*, § | |
| § | |
| Defendant. § | |

**MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Ronald E. Newton, an inmate with the Mark Stiles Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 28 U.S.C. § 1983 against defendant Latasha Joseph.[1]

The court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends plaintiff's motion for summary judgment be denied and defendant's motion for summary judgment be granted and the case dismissed with prejudice.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

---

[1] Plaintiff's claims against defendants Pille, Barrow, Apperson, Gorsuch, Wallace, and Massie were dismissed by Partial Judgment on March 23, 2015.

After careful consideration, the court finds plaintiff's objections are without merit. As outlined by the Magistrate Judge, "[w]hile prison officials have the burden of showing that a search of a prisoner is reasonable, the Fifth Circuit has described this burden as 'light.'" *Waddleton v. Jackson*, 445 F. App'x 808 (5th Cir. October 21, 2011). In analyzing the reasonableness of searches, a district court is "required to balance the need for the searches against the invasion of personal rights that the searches entailed by considering the scope of the intrusion, the manner in which they were conducted, the justification for them, and the places in which they were conducted." *Id*. at 809. Even if defendant Joseph was mistaken in her belief that plaintiff was entering a restricted chemical room without authorization, it was not unreasonable for defendant Joseph to fear for the safety of herself or others when plaintiff entered the separate room and closed the door, considering the security issues of a prison unit. Plaintiff's own actions created a situation that could be reasonably construed as an emergency situation justifying the strip search to ensure plaintiff did not obtain any contraband. It is similarly not unreasonable for defendant Joseph to deny plaintiff's request for a male officer to conduct the strip search given the perceived state of emergency. Conducting a strip search to ensure a prisoner is not in possession of contraband in order to maintain the safety and security of a unit is related to TDCJ penological interests. The Fourth Amendment only requires that searches be reasonable under all the facts and circumstances in which they are performed. Even if other officers of reasonable competence could disagree as to whether the search violated plaintiff's Fourth Amendment rights, defendant Joseph's qualified immunity remains intact. *Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005).

Furthermore, the Texas Tort Claims Act forecloses any state tort claim brought by plaintiff.[2] Section 101.106(f) of the Texas Tort Claims Act provides that a suit against a government employee acting within the general scope of his employment must be dismissed "if it could have been brought under this chapter [that is, under the Act], against the governmental unit. *Franka v. Velasquez*, 332 S.W.3d 367, 370 (Tex. 2011).[3] Under the *Franka* rule, all tort claims, including intentional torts, "could have been brought" against the governmental unit, regardless of whether the governmental unit's immunity from suit is expressly waived by the Texas Tort Claims Act for those claims. *Id.* at 385. The statute strongly favors dismissal of governmental employees. *Tipps v. McCraw*, 945 F. Supp.2d 761, 766 (W.D. San Antonio, 2013) (citing *Waxahachie Indep. Sch. Dist. v. Johnson*, 181 S.W.3d 781, 785 (Tex. App. 2005).

---

[2] Plaintiff complains the Magistrate Judge made inconsistent recommendations as it relates to plaintiff's common law tort claims. A review of the record, however, reveals there is no inconsistency in the rulings. The Magistrate Judge initially denied the defendants' 12(b)(1) motion to dismiss for lack of subject matter jurisdiction with respect to plaintiff's common law tort claims as they relate to defendant Joseph (docket entry no. 67). In the 12(b)(1) motion to dismiss, defendant Joseph argued the Texas Tort Claims Act specifically provides that "[a] suit under this chapter shall be brought in state court in the county in which the cause of action arose or a part of the cause of action arises" and that a "state does not waive its Eleventh Amendment immunity in federal courts by waiving sovereign immunity in its own courts." (docket entry no. 37). The Magistrate Judge denied the 12(b)(1) motion stating that plaintiff did not plead the Texas Tort Claims Act nor did plaintiff sue the State of Texas. In defendant Joseph's Motion for Summary Judgment, however, defendant Joseph argues plaintiff's common law tort claims should be dismissed because they occurred in the scope of defendant Joseph's employment and could have been brought under the Texas Tort Claims Act (docket entry no. 134). The Magistrate Judge recommended plaintiff's motion for summary judgment be granted as to plaintiff's common law tort claims as Section 101.106(f) of the Texas Tort Claims Act bars a suit against a government employee sued in his individual capacity if he was acting within the scope of his employment (docket entry no. 170, pgs. 10 - 13).

[3] Section 101.106 states specifically,

(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEXAS. CIV. PRAC. & REM. CODE § 101.106(f) (Texas Tort Claims Act).

To the extent plaintiff argues there is a genuine dispute of material fact as to whether defendant Joseph was acting within the general scope of her employment, this Court finds no support for such argument. The Tort Claims Act defines "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in and about the performance of a task lawfully assigned to an employee by a competent authority." *Anderson v. Bessman*, 365 S.W.3d 119, 124 (Tex. App. – Houston [1st Dist.] 2001, no pet.) (quoting TEX. CIV. PRAC. & REM. CODE § 101.001(5)). Liberally construing plaintiff's objections, it would appear plaintiff argues defendant Joseph acted outside the scope of her employment because she had no authority to conduct a strip search on a male inmate absent exigent circumstances. However, "[a]n official acts within the scope of her authority if she is discharging the duties generally assigned to her." *Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 424 (Tex. 2004). That is, an employee's scope of authority extends to job duties to which the official has been assigned, even if the official errs in completing the task. *Id*.

As outlined by the Magistrate Judge, performing a strip search is within the scope of defendant Joseph's employment as a TDCJ correctional officer. Although there is a factual dispute as to whether defendant Joseph ordered plaintiff to a full strip search, those facts are not material. Assuming, *arguendo*, plaintiff's allegations were true and no emergency situation existed to warrant the strip search by a female guard, plaintiff's common law tort claims are still foreclosed by the Texas Tort Claims Act. Even if defendant Joseph used forbidden means in conducting the strip search, the search was still performed to serve the purpose of her employer and to maintain the safety and security of the unit. *Herrera v. Aguilar, et al.*, SA-10-CV-00569-DAE, 2013 WL 4784125, at *3 (W.D. Tex. – San Antonio 2013) (citing TEX. CIV. PRAC. REM. CODE §

101.001(5)) (holding if the employee is employed to perform that kind of conduct, and it is at least partly done with the purpose to serve the employer, the action is within the scope of employment even if they use forbidden means of accomplishing the results). This is true even if the employee, in discharging her duties, acts in part to serve the employee's or a third party's interest. *Hopkins v. Strickland*, No. 01-12-00315-CV, 2013 WL 1183302, at *3 (Tex. App. Mar. 21, 2013) (citing *Anderson*, 365 S.W.3d at 125-26); *see also Tipps v. McCraw*, 945 F.Supp.2d 761 (W.D. Tex. – San Antonio Div. 2013) (holding plaintiff's state law intentional tort claims barred by the Texas Tort Claims Act).

## ORDER

Accordingly, the objections of the petitioner are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**Signed this date.**

**Jul 12, 2016**

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE